IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONWIDE REINFORCING, LTD. | ) | |
| 1170 Old Henderson Road | ) | |
| Columbus, Ohio 43220 | ) | Civil Action No. 09-1034 |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| v. | ) | COMPLAINT WITH DEMAND |
| | ) | FOR JURY TRIAL |
| HJ3 COMPOSITE | ) | Plaintiff hereby demands a trial |
| TECHNOLOGIES LLC | ) | by jury on all issues presented in |
| 4100 S. Fremont Ave | ) | this Complaint that are so triable. |
| Tucson, Arizona 85714 | ) | |
| | ) | |
| MIDWEST DIVERSIFIED | ) | |
| TECHNOLOGIES, INC. | ) | |
| 12 Wolf Creek Drive Suite 100 | ) | |
| Swansea, Illinois  62226 | ) | |
| | ) | |
| **DEFENDANTS** | ) | |
| | ) | |

# COMPLAINT

Plaintiff Nationwide Reinforcing, LTD complains of Defendants as follows:

### The Parties

1.  Plaintiff Nationwide Reinforcing, LTD. (hereafter "Nationwide") is an Ohio limited liability company having a principal place of business at 1170 Old Henderson Road, Suite 109 Columbus, Ohio  43220.

2. On information and belief, Defendant HJ3 Composite Technologies LLC (hereafter "HJ3") is an Arizona limited liability company having a place of business at 4100 S. Fremont Ave., Tucson, Arizona 85714.

3. On information and belief, Defendant Midwest Diversified Technologies, Inc. (hereafter MDTI) is an Illinois corporation having an agent address at 12 Wolf Creek Drive, Suite 100, Swansea, Illinois 62226.

Jurisdiction

4. This is a claim for patent and copyright infringement, including inducement of patent infringement, arising under the patent laws of the United States, Title 35 of the United States Code, Sections 101 et seq. and the Copyright Act of 1976, Title 17 United States Code Sections 101 et seq.

5. This court has original jurisdiction over the subject matter under Title 28 of the United States Code Sections 1331 and 1338.

6. This Court has personal jurisdiction over Defendants HJ3 and MDTI by virtue of their conduct of business in this judicial district and acts of infringement that have been committed in this judicial district.

Facts

7. On November 14, 2000, United States Letters Patent No. 6,145,260 (hereafter the '260 patent) was duly and legally issued to Engineered Composite Systems, Inc., as original assignee of the inventor Steven E. Morton, for an invention in a WALL

REINFORCING AND WATERPROOFING SYSTEM AND A METHOD OF FABRICATION.

8. Engineered Composite Systems, Inc. subsequently assigned the '260 patent to Plaintiff Nationwide.  Plaintiff Nationwide has been and still is the owner of the '260 patent, a copy of which is appended hereto as Exhibit 1.  Thus, Plaintiff Nationwide is entitled as the real party in interest to recover for any infringement of the '260 patent.

9. On July 16, 2002, United States Letters Patent No. 6,418,684 (hereafter the '684 patent) was duly and legally issued to Engineered Composite Systems, Inc., as original assignee of the inventor Steven E. Morton, for an invention in a WALL REINFORCEMENT APPARATUS AND METHOD USING COMPOSITE MATERIALS.

10. Engineered Composite Systems, Inc. subsequently assigned the '684 patent to Plaintiff Nationwide.  Plaintiff Nationwide has been and still is the owner of the '684 patent, a copy of which is appended hereto as Exhibit 2.  Thus, Plaintiff Nationwide is entitled as the real party in interest to recover for any infringement of the '684 patent.

11. Defendants are without right, license or other authority to make, use, sell, import or offer to sell a method and/or system that meets the claim limitations of the '260 patent and/or the '684 patent.

12. Defendants are without right, license or other authority actively to induce others to make, use, sell, import or offer to sell a method and/or system that meets the claim limitations of the '260 patent and/or the '684 patent.

13. Plaintiff Nationwide obtained a copy of installation instructions that Defendants HJ3 and MDTI distributed in this judicial district.  The instructions from

Defendants HJ3 and MDTI describe how to install the materials Defendants sell. True copies of the instructions Plaintiff obtained are appended hereto as Exhibits 3, 4, 5 and 6.

14. The instructions in Exhibits 3, 4, 5 and 6, along with other information on the websites of Defendants, clearly describe how, and actively induce others, to practice the patented inventions of the '260 and the '684 patents.

15. On information and belief, others have purchased and installed Defendants' products according to Defendants' instructions.

16. Prior to July 2000, Steven E. Morton authored an original work entitled "Design And Installation Guidelines" (hereinafter referred to as the "Work"), and fixed the same in a tangible medium of expression.

17. The Work contains material wholly original with Morton that is copyrightable subject matter under the laws of the United States, including but not limited to graphical illustrations, photographs and textual matter.

18. On or about July 7, 2000, Morton applied to the Register of Copyrights for a Certificate of Registration for the Work.

19. A Certificate of Registration was issued by the Register of Copyrights on July 10, 2000, and bears registration number TXu 960-298. A true and correct copy of this Certificate is attached hereto as Exhibit 7.

20. Plaintiff is currently the sole proprietor of all right, title, and interest in and to the copyright in the Work. Ownership rights in the Work reside in Plaintiff by virtue of an assignment to Plaintiff by Morton.

21. Plaintiff has produced and distributed the Work in strict conformity with the provisions of the Copyright Act of 1976 and all other laws governing copyright, in

particular the inclusion in the Work of appropriate copyright notice under 17 U.S.C. §401.

22. Plaintiff is informed and believes, and on that basis alleges, that Defendants, with access to the Work, knowingly and willfully directly copied Plaintiff's Work. Plaintiff is further informed and believes, and on that basis alleges, that Defendants copied the Work and created derivative works for the specific purposes of infringing Plaintiff's copyrights and distributing illegal and unauthorized copies of the Work.

23. Plaintiff is informed and believes, and on that basis alleges, that since at least as early as July 2009, Defendants have been reproducing, distributing, promoting and offering for sale illegal and unauthorized copies and/or derivatives of the Work.

## FIRST COUNT - PATENT INFRINGEMENT

24. Plaintiff hereby adopts and incorporates by reference the allegations of paragraphs 1-23 above as if fully set forth herein.

25. On information and belief, Defendants have been and still are without authority making, using, offering to sell, and/or selling the patented invention within this judicial district and elsewhere during the term of the '260 and '684 patents, and will continue to do so unless enjoined by this Court.

26. Defendants are, without authority and during the term of the '260 and '684 patents, actively inducing infringement of the '260 and '684 patents in this judicial district and elsewhere, and will continue to do so unless enjoined by this Court.

27. Infringement of the '260 patent by Defendants has been with actual knowledge of the '260 patent since at least as early as April 13, 2006, when Plaintiff gave

5

written notice to Defendant HJ3 of the '260 patent as evidenced by Exhibit 8, a true copy of a letter mailed to Defendant HJ3.

28. On information and belief, infringement of the '260 and '684 patents by Defendants has been willful.

29. Infringement of the '260 and '684 patents by Defendants has injured Plaintiff by depriving Plaintiff and its distributors of the sales and the fees to install its own materials which they otherwise would have made, and has in other respects injured Plaintiff and will cause Plaintiff added injury and loss of profits unless enjoined by this Court.

30. Defendants' patent infringements are actionable under 35 U.S.C. § 271 (a)-(c).

## SECOND COUNT – COPYRIGHT INFRINGEMENT

31. Plaintiff hereby adopts and incorporates by reference the allegations of paragraphs 1-30 above as if fully set forth herein.

32. By its actions alleged above, Defendants have infringed and will continue to infringe Plaintiff's copyright in and relating to the Work by producing, distributing, and placing upon the market products which are direct copies of Plaintiff's copyrighted Work.

33. Plaintiff is entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such acts in violation of the copyright laws.

34. Defendants' copyright infringement is actionable under 17 U.S.C. § 501.

35. Plaintiff is further entitled to recover from Defendants the damages, including attorneys fees, it has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of Defendants' acts of infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

## DEMAND FOR RELIEF

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting Plaintiff the following:

A. Judgment that Defendants have infringed U.S. Patent No. 6,145,260 and U.S. Patent No. 6,418,684.

B. After hearing a preliminary injunction under Title 35 of the United States Code §283 to enjoin Defendants, their agents, servants, employees, and all other persons in active concert or participation with them from further infringement of the '260 and '684 patents; such preliminary injunction to remain in effect until Plaintiff's attorneys have had reasonable opportunity to take the depositions of Defendants and the officers and employees of Defendants, and to have its discovery.

C. An injunction perpetually restraining Defendants and all those in privity with them from further infringement of the '260 and '684 patents.

D. An order requiring Defendants to account to Plaintiff for the actual damages, with interest, suffered by Plaintiff as the result of the infringement of the '260 and '684 patents by Defendants, and a determination of whether such damages should be

tripled, as provided for under Title 35 of the United States Code §284 because of a willful and deliberate character of the infringement, but in no event less than a reasonable royalty.

E. A finding whether this case is "exceptional," and an award to Plaintiff for reasonable attorney fees and costs as provided for under Title 35 of the United States Code §285.

F. That the Court find that Defendants have infringed Plaintiff's copyright in the Work.

G. That the Court find a substantial likelihood that Defendants will continue to infringe Plaintiff's copyright in the Work unless enjoined from doing so.

H. That Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing Plaintiff's copyrights in the Work, or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Work or to participate or assist in any such activity.

I. That Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be Ordered to return to Plaintiff any and all originals, copies, derivatives, facsimiles, or duplicates of the Work in their possession, custody or control.

J. That Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be Ordered to recall from all distributors, wholesalers, jobbers, dealers, retailers, and distributors, and

all others known to Defendants, any originals, copies, facsimiles, or duplicates of any works shown by the evidence to infringe any copyright in the Work.

  K. That Defendants be Ordered to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe any copyright in the Work.

  L. That Defendants be required to file with the Court and to serve on Plaintiff, within 30 days after service of the Court's Order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's Order.

  M. That judgment be entered for Plaintiff and against Defendants for Plaintiff's actual damages according to proof, and for any profits attributable to infringements of Plaintiff's copyrights, in accordance with proof.

  N. That judgment be entered for Plaintiff and against Defendants for statutory damages based upon Defendants' acts of infringement, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.

  O. That Defendants be required to account for all gains, profits, and advantages derived from its acts of infringement and for its other violations of law.

  P. That all gains, profits and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiff.

  Q. That Plaintiff have judgment against Defendants for Plaintiff's costs and attorneys' fees.

R.      Such other and further relief to which Plaintiff may be justly entitled.

> Respectfully Submitted,
> NATIONWIDE REINFORCING, LTD.
>
>
> /Jason H. Foster/
> Jason H. Foster (0065031), Trial Attorney
> KREMBLAS, FOSTER, PHILLIPS & POLLICK
> Attorneys for Plaintiffs
> 7632 Slate Ridge Blvd.
> Reynoldsburg, Ohio 43068
> 614/575-2100 (phone)
> 614/575-2149 (fax)
> jfoster@ohiopatent.com (email)